# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROLINA NINA BAUTISTA,** **Individually and as Parent and** **Natural Guardian of F.M., a Minor,** | **CIVIL ACTION** |
| *Plaintiff,* | **No. 25-cv-3101** |
| v. | |
| **TEMPLE UNIVERSITY HOSPITAL INC., TEMPLE UNIVERSITY HEALTH SYSTEM INC., and UNITED STATES OF AMERICA,** | |
| *Defendants.* | |

## ORDER

AND NOW, this            day of                    , 2026, upon consideration of the United States of America's motion (ECF 62) to dismiss Plaintiff's Federal Tort Claims Act (FTCA) claims pleaded in her Amended Complaint (ECF 61), and any opposition thereto, it is hereby **ORDERED** that:

1.      The motion is **GRANTED**.

2.      Under Federal Rule of Civil Procedure 12(b)(1), all of Plaintiff's claims against the United States are **DISMISSED WITH PREJUDICE FROM THIS ACTION**, for lack of subject-matter jurisdiction, because Plaintiff failed to exhaust required FTCA administrative remedies *before* filing this action. *See McNeil v. United States*, 508 U.S. 106, 110-113 (1993).

3.      If Plaintiff later seeks to bring those FTCA claims against the United States in a new action, the new suit when filed should be designated in civil-cover sheets as a "related case" to this one under EDPA Local Rule of Civil Procedure 40.1.IV.a. Plaintiff

is on notice that any such FTCA claims against the United States filed in a new action will be subject to Rule 12(b)(6) dismissal with prejudice on grounds that: (a) the claims are time-barred under 28 U.S.C. § 2401(b); and (b) there are no plausible due-diligence grounds for equitably tolling the limitations period. *See generally* Fed. R. Civ. P. 1 ("These rules . . . shall be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding.").

4.      To the extent that (by virtue of the filing of Plaintiff's Amended Complaint) the United States currently appears as a defendant in the caption of this action, the Clerk shall **AMEND THE CAPTION** to refer to the United States of America (as previously) as only a third-party defendant on the Temple Defendants' third-party claims and not as a defendant on Plaintiff's direct claims.

BY THE COURT:

_____

WENDY BEETLESTONE, J.

2

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROLINA NINA BAUTISTA, Individually and as Parent and Natural Guardian of F.M., a Minor,** | **CIVIL ACTION** |
| *Plaintiff,* | **No. 25-cv-3101** |
| **v.** | |
| **TEMPLE UNIVERSITY HOSPITAL INC., TEMPLE UNIVERSITY HEALTH SYSTEM INC., and UNITED STATES OF AMERICA,** | |
| *Defendants.* | |

### UNITED STATES' MOTION TO DISMISS FEDERAL TORT CLAIMS ACT CLAIMS IN AMENDED COMPLAINT

Under Federal Rule of Civil Procedure 12(b)(1), and for the reasons stated in the accompanying brief, the United States of America moves to dismiss Plaintiff Carolina Nina Bautista's Federal Tort Claims Act (FTCA) claims against the United States, with prejudice to her ability to bring them in this action. The Court lacks subject-matter jurisdiction over any FTCA claims in this action because Plaintiff did not fully exhaust her FTCA administrative remedies before filing suit. Under *McNeil v. United States*, 508 U.S. 106, 110-113 (1993), a plaintiff cannot cure such a jurisdictional defect through a later-amended complaint, as Plaintiff seeks to do here through her recently filed Amended Complaint (ECF 61).

Alternatively, the United States moves the Court to dismiss the claims with prejudice, because the claims are time-barred under 28 U.S.C. § 2401(b), which is strictly construed, and there are no due-diligence grounds for equitably tolling that FTCA limitations period. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 1.

April 16, 2026                                     Respectfully submitted,

                                                  DAVID METCALF
                                                  United States Attorney

                                                  /s/ *Gregory B. David/DAD*
                                                  GREGORY B. DAVID
                                                  Chief, Civil Division

                                                  /s/ *Gerald B. Sullivan*
                                                  FERNANDO I. RIVERA
                                                  GERALD B. SULLIVAN
                                                  PA Attorney ID No. 57300
                                                  Assistant United States Attorneys
                                                  615 Chestnut Street, Suite 1250
                                                  Philadelphia, PA  19106-4476
                                                  (215) 861-8432 (Rivera)
                                                  (215) 861-8786 (Sullivan
                                                  Fernando.Rivera@usdoj.gov
                                                  Gerald.Sullivan@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROLINA NINA BAUTISTA, Individually and as Parent and Natural Guardian of F.M., a Minor, | CIVIL ACTION |
| *Plaintiff,* | No. 25-cv-3101 |
| v. | |
| TEMPLE UNIVERSITY HOSPITAL INC., TEMPLE UNIVERSITY HEALTH SYSTEM INC., and UNITED STATES OF AMERICA, | |
| *Defendants.* | |

**BRIEF SUPPORTING UNITED STATES' MOTION TO DISMISS**
**FEDERAL TORT CLAIMS ACT CLAIMS IN AMENDED COMPLAINT**

On April 3, 2026, Plaintiff Carolina Nina Bautista filed an Amended Complaint (ECF 61) that for the first time names the United States as a defendant and pleads Federal Tort Claims Act (FTCA) claims.

These FTCA claims must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because, before filing suit, Ms. Bautista failed fully to exhaust administrative remedies that are a jurisdictional prerequisite to bringing an FTCA action. *See* 28 U.S.C. § 2675(a). Under the Supreme Court's holding in *McNeil v. United States*, 508 U.S. 106, 110-113 (1993), this lack of subject-matter jurisdiction cannot be cured through amendment of Ms. Bautista's Complaint.

Nor can the claims survive a motion to dismiss in any new, original suit because, under the FTCA's limitations period, which is strictly construed, Ms. Bautista had six months from the July 11, 2025 denial of her administrative tort claim to assert any related FTCA claim against the United States in federal district court. *See* 28 U.S.C.

§ 2401(b). She did not do so by the statutory January 11, 2026 deadline, and her FTCA claims are thus forever barred. Because Ms. Bautista cannot plausibly plead the kind of due diligence that would warrant equitable tolling of the limitations period to allow the claims to proceed in a new civil action, dismissal in a new action (or in this action, if the Court denies dismissal on jurisdictional grounds) should be with prejudice.

## PROCEDURAL BACKGROUND

In February 2025, Ms. Bautista brought this action in state court against only the Temple Defendants. *See* ECF 51 (Pl. Br.), at p. 5. Her Complaint did not name either Clinton Turner, M.D. or the United States as a defendant. In April 2025, Temple filed a third-party contribution claim against Dr. Turner. *Id*. Because Dr. Turner is a deemed federal employee, the United States removed the action to this Court on June 18, 2025. *See* ECF 1 (Notice of Removal).

In August 2025, the Court substituted the United States for Dr. Turner on Temple's third-party claim and denied Ms. Bautista's motion requests: (1) to sever her state-law claims against Temple from Temple's federal-jurisdiction-granting third-party claim against the United States; and (2) to remand the state-law claims to state court. *See* ECF 32 (Memorandum Decision). So the case remained in this Court.

Earlier, on January 17, 2025, Ms. Bautista presented a narrow administrative tort claim to the U.S. Department of Health and Human Services (HHS). *See* Declaration of HHS Senior Attorney Frances M. Recio (Recio Decl.), Exhibit "1" hereto, at ¶ 4 and exhibits "A" and "B" thereto (Ms. Bautista's administrative tort claim). Under the FTCA's limited waiver of the United States' sovereign immunity, a plaintiff, **before being permitted to file** suit against the United States, must first file a claim with the

2

relevant federal administrative agency, which must then investigate **and make a final claim determination** before any federal district court can have jurisdiction over the claim. *See* 28 U.S.C. § 2675(a); *Sconiers v. United States*, 896 F.3d 595, 597-98 (3d Cir. 2018). Further, such FTCA claims are "forever barred" unless they satisfy two timing requirements: first, the claim must be presented in writing to the agency within two years after the claim accrued; and second, the action must be commenced in federal district court "within six months **after** the date" of "notice of **final denial** of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (bold added).

Ms. Bautista's administrative claim identified Dr. Turner not as a potential defendant but only as a witness and named as potential defendants "Maria De Los Santos Health Center, Delaware Valley Community Health Inc. [DVCH], United States of America, and All Actual and Ostensible Agents of Said Entities." Recio Decl., Exhibit "A" thereto (SF 95). A claim attachment explained: "During Ms. Bautista's **prenatal care**, Defendants identified findings concerning for infection which Defendants knew or should have known were likely to cause premature labor and/or preterm premature rupture of membranes and/or injury to Ms. Bautista and FM." Recio Decl., Exhibit "B" thereto ("Continuation of Standard Form 95") (bold added).

In Ms. Bautista's July 8, 2025 brief opposing the United States' substitution motion, she confirmed that this administrative-claim language related solely to "Plaintiff's **prenatal care at DVCH**" and that the administrative tort claim did not cover Dr. Turner's care of Ms. Bautista at Temple Hospital on the August 16, 2023 date of birth. *See* ECF 14 (Pl. Br.), at p. 9. As she explained:

3

> The tort claim **does not say anything about care provided by Dr. Turner because Dr. Turner never saw Plaintiff at DVCH**. Plaintiff is happy to provide the Court with Ms. Bautista's full prenatal records which make zero mention of Dr. Turner. In the tort claim notice, Dr. Turner is listed as a potential witness, because his name appears in medical records **at Temple Hospital**. The reference to Dr. Turner as a witness (1) does not mean Plaintiff made or is attempting to make a claim against Dr. Turner—*she is not[.]* . . . Plaintiff has notified the United States multiple times that *Plaintiff does not intend to proceed with the administrative claim and requests it be discontinued*."

(Bold underline in original; bold italics added.) *Accord* ECF 10 (USA's June 25, 2025 Opening Brief in support of Motion to Substitute), at p. 8 ("the United States notes its understanding from counsel for Plaintiff Bautista that—even though Ms. Bautista submitted a January 2025 administrative tort claim to [HHS]—she will not be asserting any related direct claim in federal district court against the United States (or Dr. Turner) arising out of the care of Ms. Bautista or the care or delivery of F.M.").

On July 11, 2025, HHS denied the administrative tort claim and mailed a denial letter to Ms. Bautista's counsel. *See* Recio Decl., at ¶¶ 5-6 & Exhibit "C" thereto (denial letter). The denial letter advised counsel that "if your client is dissatisfied with this [denial] determination, she is entitled to file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b))." Recio Decl., at ¶ 7 & Exhibit "C."

Separate from whether Ms. Bautista abandoned her administrative claim (when she asked that it be discontinued), she intentionally limited the claim's scope to prenatal care that she received at DVCH (which did not involve Dr. Turner) even though she already possessed medical records showing Dr. Turner's role at Temple University Hospital on the date of F.M.'s birth. Indeed, as early as **May 20, 2025**, Ms. Bautista's

4

counsel produced to the United States relevant Temple University Hospital medical records documenting Dr. Turner's involvement (as attending physician at the hospital) in Ms. Bautista's labor and delivery. Also, in its July 14, 2025 reply brief in support of its substitution motion, the United States reiterated (with supporting evidence) that Dr. Turner provided obstetrical care services to Ms. Bautista at Temple University Hospital on the August 16, 2023 date of birth. *See* ECF 17 (USA Reply Brief), at p. 2 and Exhibit B thereto (Robles Cooke Declaration). Still, Ms. Bautista submitted an administrative tort claim that did not cover Dr. Turner's care at Temple University Hospital.

For whatever presumably tactical reasons, once HHS denied Ms. Bautista's administrative tort claim on July 11, 2025, Ms. Bautista—whether (1) because she still hoped to develop a basis for seeking remand of this action to her preferred state-court forum, which would not be possible with a direct claim against the United States; (2) because she realized that her administrative tort claim had not included care at Temple University Hospital on August 16, 2023; (3) because she had abandoned the claim; or (4) for some other reason—did not pursue any FTCA claim against the United States in district court within the statutory six-month limitations period that ended on January 11, 2026. Instead, she waited until February 11, 2026 to seek to amend her Complaint in this action to add FTCA bench claims against the United States to the jury claims that she had earlier asserted against the Temple Defendants. *See* ECF 51 (Plaintiff's motion seeking leave to file an amended complaint).

On March 31, 2026, the Court issued a one-sentence Order (ECF 60) allowing the amendment. (ECF 60) Ms. Bautista then filed her Amended Complaint (ECF 61) on April 3.

## ARGUMENT

**1. Because Ms. Bautista failed to exhaust FTCA administrative remedies before filing suit, her claims against the United States must be dismissed from this action for lack of jurisdiction.**

Ms. Bautista's claims against the United States must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because she failed, before filing suit, to exhaust FTCA administrative remedies that are a jurisdictional prerequisite to suit. *See generally Johnson v. United States*, 147 F.R.D. 91, 94 (E.D. Pa. 1993) (stating that a Rule 12(b)(1) motion is "an appropriate vehicle when the plaintiff has failed to exhaust administrative remedies that are a prerequisite to his suit" under the FTCA).

As sovereign, the United States is immune from suit absent an express Congressional waiver of immunity. *See, e.g.*, *Clinton County Commissioners v. EPA*, 116 F.3d 1018, 1021 (3d Cir. 1997) (plaintiff "must identify a specific statutory provision that waives the government's sovereign immunity from suit."). The FTCA is such a waiver—subject, however, to specified limitations. *See generally Lublin v. HUD*, No. 05-cv-6785, 2006 WL 1117876, at *3 (E.D. Pa. Apr. 26, 2006) ("A plaintiff's failure to comply" with FTCA limitations "requires a federal court to dismiss a suit for lack of jurisdiction), *citing Peterson v. United States*, 694 F.3d 943, 945 (3d Cir. 1982).

The FTCA contains the unambiguous suit prerequisite that a claimant must first submit to the appropriate federal agency a written tort claim for a "sum certain" **and, before filing suit, must allow the agency a period of six months within which to evaluate and respond to the claim**. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[t]he FTCA bars claimants from bringing suit in federal court **until** they have exhausted their administrative

6

remedies.") (bold added). This procedure—known as "presentment"—is a jurisdictional requirement that the United States cannot waive, because it is "among the terms defining the United States's consent to be sued[.]" *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010). Accordingly, the presentment requirement has been strictly construed. *See, e.g.*, *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). As the *McNeil* Court noted, this FTCA claim-exhaustion requirement is "not a 'trap for the unwary'" because "the risk that a lawyer will be unable to understand" it "is virtually nonexistent." *McNeil*, 508 U.S. at 113.

The *McNeil* Court stressed that plaintiffs like Ms. Bautista who file a complaint before exhausting FTCA administrative remedies cannot cure the jurisdictionally defective (because prematurely filed) complaint. *McNeil*, 508 U.S. at 110-111. That is because an FTCA action may not be brought until the agency (here, HHS) finally denies the administrative claim. *Id.*; *accord, e.g.*, *Bakhtiari v. Spaulding*, 779 Fed. Appx. 129, 132 (3d Cir. July 2, 2019) (in affirming dismissal, stating: "Here . . . Bakhtiari instituted this case . . . three months before his FTCA claims were finally denied . . . . Thus, the District Court lacked jurisdiction over [the] FTCA claims."); *Wadhwa v. Nicholson*, 367 Fed. Appx. 322, 324-25 & n.5 (3d Cir. 2010) (Third Circuit affirming dismissal without prejudice of prematurely filed FTCA complaint); *Abulkhair v. Bush*, 413 Fed. Appx. 502, 506 (3d Cir. 2011) ("Failing to follow this [presentment] procedure deprives federal courts of subject matter jurisdiction" and requires dismissal under Rule 12(b)(1)).

Ms. Bautista filed this action in February 2025, and the United States removed it to this Court in June 2025. HHS did not finally deny the administrative tort claim until July 11, 2025. The *McNeil* Court rejected the possibility that, for FTCA purposes, such a

7

prematurely filed action: (1) may be "viewed as having been 'instituted' on the date when [the] administrative claim was denied"; or (2) could continue (for example, with an amended complaint) after the final claim denial. *McNeil*, 508 U.S. at 111-113 ("strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law") (quotation mark omitted*); see also id.* at 110 (in affirming Seventh Circuit, citing that court's language that "The [prematurely filed] suit did not linger, awaiting administrative action") (interpolation added). *Accord, e.g.*, *Hoffenberg v. Provost*, 154 Fed. Appx. 307, 310 (3d Cir. 2005) ("the date of [an] amended complaint cannot serve as the date the federal [FTCA] suit was instituted") (cleaned up); *M.R. by Rivera v. Temple Univ. Health Sys., Inc.*, No. 25-cv-5342, 2026 WL 196472, at *10-11 (E.D. Pa. Jan. 26, 2026) (in medical malpractice action against Temple and the United States on behalf of Dr. Turner, citing *McNeil* and dismissing plaintiff's FTCA claims against the United States, under Rule 12(b)(1), for failure fully to exhaust FTCA administrative remedies before filing suit); *Evans v. United States*, No. 15-cv-1839, 2018 WL 11414937, at *1 n.1 (E.D. Pa. Nov. 29, 2018) ("Courts interpreting 28 U.S.C. § 2675(a) have held that a prematurely filed FTCA action cannot be cured through amendment; instead, a plaintiff must file a new suit.").[1]

---

[1] The Supreme Court's decision in *United States v. Wong*, 575 U.S. 402 (2015), is inapposite to this jurisdictional question. There, the Court held only that the FTCA's statute of limitations provision (28 U.S.C. § 2401(b)) is non-jurisdictional and subject to the possibility of equitable tolling. It remains black-letter law, however, that the FTCA's presentment requirements embodied in 28 U.S.C. § 2675(a) are jurisdictional and cannot be waived. *See, e.g.*, *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *Young v. Temple Univ. Hosp.*, No. 19-cv-1174, 2019 WL 556910, at *6 (E.D. Pa. Oct. 28, 2019) ("Equitable tolling . . . provides no relief where a plaintiff fails to exhaust [FTCA] administrative remedies *prior* to initiating a case.") (italics in original).

8

Thus, if Ms. Bautista wished to assert FTCA claims against the United States arising out of her alleged injuries and within the scope of her administrative claim, she was required to file a timely new FTCA suit against the United States in this Court after she exhausted administrative remedies. She cannot now proceed in this action.

Because the Court lacks subject-matter jurisdiction over Ms. Bautista's claims against the United States, the FTCA claims should be dismissed with prejudice from this action under Rule 12(b)(1).

### 2. Alternatively, dismissal of the FTCA claims should be under Rule 12(b)(6) and with prejudice because Ms. Bautista is time-barred.

The FTCA's limited sovereign-immunity waiver circumscribes—to six months following a federal agency's final denial of a plaintiff's administrative tort claim—the time for a plaintiff to bring direct claims against the United States in federal district court. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless . . . the action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency[.]").

Even if for the sake of argument Ms. Bautista were seeking to assert FTCA claims that were not previously abandoned and were within the scope of her administrative claim, her deadline for bringing them in federal court passed on January 11, 2026 (six months after HHS mailed a denial letter).[2] The FTCA's six-month limitations deadline is

---

[2] The FTCA claims stated in the Amended Complaint (focused on hospital care on the delivery date) differ from the claims asserted administratively (focused on prenatal care at DVCH) before Ms. Bautista abandoned them. *See, e.g.*, *Daniels v. United States*, No. 23-cv-2493, 2025 WL 3284465, at *4 (E.D. Pa. Nov. 25, 2025) (plaintiff failed to exhaust where he administratively claimed negligence during surgery and then sued alleging that surgery should not have happened at all, which involved different facts and care standards), *citing Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003).

strictly construed and cannot be circumvented. *See, e.g.*, *Sconiers v. United States*, 896 F.3d 595, 597-99 (3d Cir. 2018) (consistent with "strict construction of the FTCA," when a plaintiff fails to file an FTCA claim within six months of mailing of final denial, the untimely claim should be dismissed); *Gordon v. Pugh*, 235 Fed. Appx. 51, 53 (3d Cir. 2007) (recognizing that an FTCA claim is barred if not brought within six months of the administrative claim being denied); *Stroman v. U.S. Postal Serv.*, No. 21-cv-4400, 2022 WL 1983975, at *3 (E.D. Pa. June 6, 2022).

By no later than last summer, Ms. Bautista was on notice about what she had to do if she wished to pursue those claims in a timely manner in a new civil action. But she chose not to take those steps. *See, e.g.*, ECF 10 (USA's Opening Brief supporting its Motion to Substitute), at pp. 8-9 (providing notice last summer that "If Ms. Bautista were to change her mind and seek to file timely FTCA claims against the United States in this Court, those claims would have to be newly filed in a separate action from this one, with the new action being listed as a related case to this action. She would have to file a new action because, when she filed this action in state court, she had not completed exhausting her administrative tort claims."), *citing McNeil*, 508 U.S. at 110-113. As the United States further explained last summer, had Ms. Bautista timely sought to bring those direct claims against the United States under the FTCA, once she timely filed a new FTCA action, the new action and this action could have been consolidated, or this action could have been dismissed without prejudice to the parties' claims and defenses, with Ms. Bautista then filing an amended complaint in the new action against both Temple and the United States. *See* ECF 10 (USA Opening Br.), at p. 9.

10

If the Court denies the United States' motion insofar as it seeks dismissal of the FTCA claims from this action for lack of subject-matter jurisdiction, the claims should nevertheless be dismissed from this action with prejudice under Rule 12(b)(6) for failure to state a non-time-barred claim. And if the claims are later filed in a new action, they will similarly be subject to dismissal with prejudice under Rule 12(b)(6) because time-barred. *Cf. Keys v. U.S. Dept. of Justice*, 258 Fed. Appx. 841, 842-43 (3d Cir. July 11, 2008) (affirming denial of leave to amend to add the United States as an FTCA defendant, as futile, because the limitations period had ended); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (futility of proposed amendment warrants denial of leave); *Stroman v. U.S. Postal Serv.*, No. 21-cv-4400, 2022 WL 1983975, at *2-3 (E.D. Pa. June 6, 2022) (citing *McNeil* to dismiss case with prejudice where plaintiff had not waited for federal agency's final denial of FTCA administrative claim, and where an amended complaint would be futile because time-barred).[3]

Dismissal with prejudice is required because there is no plausible basis for equitable tolling that would allow the claims to survive a motion to dismiss. Equitable tolling of Section 2401(b)'s six-month limitations period is appropriate only: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where

---

[3] On any Rule 12(b)(6) review, the Court can review HHS's July 11, 2025 denial letter. *See, e.g.*, *In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) (even on Rule 12(b)(6) review, a court may consider an "authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); *Hamiel v. Donahoe*, No. 14-cv-4131, 2015 WL 2255258, at *2 (E.D. Pa. May 14, 2015) (on Rule 12(b)(6) review, considering documents from administrative proceeding). *See generally* Amended Complaint (ECF 61), ¶¶ 28-29 ("On January 17, 2025, Plaintiff placed HHS on notice of a 'claim for damage, injury, or death' via Standard Form 95. Accordingly, pursuant to 28 U.S.C. 2401(b), Plaintiff has exhausted her administrative remedies.").

11

the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000); *see also D.J.S.-W. v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (no tolling in any of these three situations "unless" the plaintiff "exercised due diligence in pursuing and preserving her claim," meaning that "tolling will never extend to a 'garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline.'"), *quoting Santos v. United States*, 559 F.3d 189, 197-98 (3d Cir. 2009); *Marshall v. U.S. Post Office*, No. 24-cv-1931, 2024 WL 4507825, at *3 (E.D. Pa. Oct. 16, 2024) (on claim brought after FTCA's six-month deadline, reasoning that the plaintiff's non-receipt of the denial letter was an insufficient basis for satisfying "this Circuit's 'restrictive' standard for extending equitable tolling in FTCA suits," because the focus is on when the letter was sent, not when it was received), *aff'd* 2025 WL 2813595, at *3 (3d Cir. Oct. 3, 2025) (in affirming summary judgment, stating that equitable tolling is available only if plaintiff exercised due diligence and was extraordinarily prevented from asserting her rights).

Ms. Bautista's strategic waiting until February 11, 2026 to move for leave to file an amended complaint in this action was not grounded in any due diligence that would warrant equitable tolling of the limitations period. Nor has her never having (as of mid-April 2026) filed a new, separate action stating FTCA claims accorded with any sort of due diligence. Ms. Bautista has not been misled or prevented from exercising her rights. To the contrary, she was fully informed about her FTCA claim(s) and her rights, but chose not to proceed in a timely way.

12

**CONCLUSION**

Under Federal Rule of Civil Procedure 12(b)(1), the United States respectfully requests the Court to dismiss Ms. Bautista's FTCA claims for lack of subject-matter jurisdiction, with prejudice to her ability to pursue them in this action.

Alternatively, the claims should be dismissed with prejudice because Ms. Bautista cannot state any plausible, non-time-barred, legally sufficient FTCA claim. *See* Fed. R. Civ. P. 12(b)(6). As the Third Circuit recently stated when affirming dismissal based on the FTCA limitations period, "Deadlines do not care about the strength of the lawsuit. So lawyers must be prompt." *See Smith v. United States*, 2025 WL 3527523, at *1 (3d Cir. Dec. 9, 2025); *see also McNeil*, 508 U.S. at 113 ("in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.") (cleaned up). Here, Ms. Bautista was not prompt, and the limitations period bars her claims.

April 16, 2026                          Respectfully submitted,

                                        DAVID METCALF
                                        United States Attorney

                                        /s/ *Gregory B. David/DAD*
                                        GREGORY B. DAVID
                                        Assistant United States Attorney
                                        Chief, Civil Division

                                        /s/ *Gerald B. Sullivan*
                                        FERNANDO I. RIVERA
                                        GERALD B. SULLIVAN
                                        Assistant United States Attorneys
                                        615 Chestnut Street, Suite 1250
                                        Philadelphia, PA 19106-4476
                                        (215) 861-8432/8786

                                        Attorneys for the United States of America

13

## CERTIFICATE OF SERVICE

I hereby certify that today, April 16, 2026, I served a true and correct copy of the foregoing United States' Motion to Dismiss, with accompanying brief and exhibits, by email upon:

> Aidan B. Carickhoff, Esq.
> Olivia Szumski, Esq.
> Saltz Mongeluzzi Bendesky, P.C.
> 1650 Market Street
> 52nd Floor
> Philadelphia, PA 19103
> acarickhoff@smbb.com
> oszumski@smbb.com
>
> Richard S. Margulies, Esq.
> Samantha L. Conway, Esq.
> Burns White LLC
> 1835 Market Street
> Suite 2700
> Philadelphia, PA 19103
> rsmargulies@burnswhite.com
> slconway@burnswhite.com
>
> Andrew Kessler, Esq.
> Cozen O'Connor
> One Liberty Place
> 1650 Market Street
> Suite 2800
> Philadelphia, PA 19103
> kessler@cozen.com

The motion and brief, with exhibits, have been filed electronically and are available for viewing and downloading from the Court's Electronic Case Filing ("ECF") System.

/s/ *Gerald B. Sullivan*
Gerald B. Sullivan
Assistant United States Attorney