**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CAROLINA NINA BAUTISTA, Individually and as Parent and Natural Guardian of F.M., a Minor,** | **CIVIL ACTION** |
| *Plaintiff,* | **No. 25-cv-3101** |
| **v.** | |
| **TEMPLE UNIVERSITY HOSPITAL INC., TEMPLE UNIVERSITY HEALTH SYSTEM INC., and UNITED STATES OF AMERICA,** | |
| *Defendants.* | |

**REPLY BRIEF SUPPORTING UNITED STATES' MOTION
TO DISMISS FTCA CLAIMS IN AMENDED COMPLAINT**

In opposing the United States' motion to dismiss her FTCA claim, Plaintiff Bautista does not dispute the claim's untimeliness under the FTCA's limitations period, 28 U.S.C. § 2401(b). Instead, she argues only that she satisfied the FTCA's separate 28 U.S.C. § 2675(a) jurisdictional requirement that administrative remedies be fully exhausted before suing on an FTCA claim. *See* Opposition Br. (ECF 65), at pp. 7-8. Ms. Bautista says this Court has jurisdiction because she first asserted an FTCA claim not when she filed suit in state court last year but only recently in her recent Amended Complaint, after exhausting administrative remedies. On that basis, she distinguishes *McNeil v. United States*, 508 U.S. 106 (1993), the only case she cites, in which the plaintiff sued the United States under the FTCA in an original complaint.

The Third Circuit appears never to have held that a plaintiff can so satisfy the FTCA jurisdictional requirement by: (1) suing only non-federal defendants on non-FTCA claims, before *fully* exhausting FTCA administrative remedies; and (2) then later, in the same action after exhausting FTCA remedies, proceeding on an amended

complaint that includes an FTCA claim. *See generally, e.g.*, *Accolla v. United States Government*, 369 Fed. Appx. 408 , 409-410 (3d Cir. Mar. 8, 2010) ("because Accollo filed his FTCA action in federal court before [the federal agency ruled on the administrative claim] and before the expiration of the appropriate six month period, the District Court was without jurisdiction to rule on the FTCA claim."), *citing McNeil*, 508 U.S. at 111-12; *Manigault v. Greceanu*, No. 3:24-CV-02027, 2025 WL 2719536, at *3 (D. Conn. Sept. 24, 2025) ("Plaintiff . . . contends that he did not initially sue the United States, and thus claims the presentment requirement should be excused. . . . [T]he Court cannot excuse a jurisdictional requirement."). *But see Valadez-Lopez v. Gonzales*, 656 F.3d 851, 855-57 (9th Cir. 2011) (ruling that district court had jurisdiction over FTCA claims where original complaint did not name United States or state FTCA claim and where plaintiff amended complaint to add United States and FTCA claim only after *timely* and fully exhausting administrative remedies).

Even if the Court on its Rule 12(b)(1) review agrees with Ms. Bautista and the Ninth Circuit and disagrees with the United States on that jurisdictional question, Ms. Bautista has not disputed that she missed her strictly construed FTCA statutory deadline under 28 U.S.C. § 2401(b) to assert an FTCA claim against the United States in federal district court. Her FTCA claim (which is not even the same claim that she raised and exhausted administratively) is thus forever barred and should be dismissed with prejudice under Rule 12(b)(6), for the reasons stated in the United States' opening brief.

## **CONCLUSION**

For the reasons stated in the United States' opening brief and above, Ms. Bautista's FTCA claims against the United States should be dismissed.

2

In closing, the United States notes that Ms. Bautista in her opposition brief once again inaccurately and irrelevantly characterizes Dr. Clinton Turner's February 4, 2026 deposition testimony and background. *See* ECF 65, Opposition Br. at pp. 4-5. The United States incorporates by reference here its previous response to these assertions. *See* ECF 54 (United States' Brief Opposing ECF 51 Motion for Leave to Amend), pp. 9-13 & n. 2; *see also* ECF 54, Exhibit "2" thereto (Turner Deposition Transcript).

Respectfully submitted,

DAVID METCALF
United States Attorney

/s/ *Gregory B. David/SRB*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

/s/ *Gerald B. Sullivan*
FERNANDO I. RIVERA
GERALD B. SULLIVAN
PA Attorney ID No. 57300
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106-4476
(215) 861-8432 (Rivera)
(215) 861-8786 (Sullivan
Fernando.Rivera@usdoj.gov
Gerald.Sullivan@usdoj.gov

Attorneys for the United States of America

Dated:  May 14, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that today, May 14, 2026, I served a true and correct copy of the foregoing United States' Reply Brief in support of its Motion to Dismiss FTCA Claims, by email upon:

> Aidan B. Carickhoff, Esq.
> Olivia Szumski, Esq.
> Saltz Mongeluzzi Bendesky, P.C.
> 1650 Market Street
> 52nd Floor
> Philadelphia, PA  19103
> acarickhoff@smbb.com
> oszumski@smbb.com
>
> Richard S. Margulies, Esq.
> Samantha L. Conway, Esq.
> Burns White LLC
> 1835 Market Street
> Suite 2700
> Philadelphia, PA  19103
> rsmargulies@burnswhite.com
> slconway@burnswhite.com
>
> Andrew Kessler, Esq.
> Cozen O'Connor
> One Liberty Place
> 1650 Market Street
> Suite 2800
> Philadelphia, PA 19103
> kessler@cozen.com

The reply brief has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing ("ECF") System.

> /s/ *Gerald B. Sullivan*
> Gerald B. Sullivan
> Assistant United States Attorney